UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

In the Matter of the Application of         05-CV-0374E(Sc)
  JOSEPH E. BURAN, M.D.,
                 Petitioner,            MEMORANDUM

For the Judicial Dissolution of Amherst           and
  Medical Park, Inc.
                            ORDER[1]

---

## INTRODUCTION AND BACKGROUND

      This matter involves a proceeding, originally filed in New York State Supreme

Court in May, 1997, for the dissolution of a business known as Amherst Medical Park,

Inc. ("AMP")("the dissolution action").  On May 27, 2005, petitioner, Joseph E. Buran,

filed a Notice of Removal to the District Court herein pursuant to 28 U.S.C.§1452 and

Bankruptcy Rule 9027 (Dkt. #1) and on October 5, 2005 moved for referral of the

matter to the Untied States Bankruptcy Court (Dkt. ##2 & 3) where petitioner has a

pending Chapter 11 proceeding before the Hon. Carl L. Bucki, U.S.B.J.  Respondent

Ravinder Chopra opposes the motion and purports to make a motion for remand to

the state court.[2]

---

[1] This decision may be cited in whole or in any part.

[2] Respondent filed a document on October 17, 2005 titled "Objection of Ravinder Chopra to Motion for Order Removing State Court Matter and Motion for Remand, with Supporting Citations" (Dkt. #4).  Petitioner, however, did not make a motion to remove the state court matter, as the action had been removed without objection several months before the instant motion was made.  Further, the respondent failed to properly file the document as a motion pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules.  At the December 2, 2005 oral argument on petitioner's motion, however, petitioner agreed to waive the defects in filing and allow respondent's cross-motion for remand to proceed.

Petitioner and respondent each own 50% of the outstanding common voting stock of AMP. Prior to the filing of the dissolution action, AMP had begun eviction proceedings ("the eviction proceeding"), also in State court, against a tenant, Amherst Orthopedics, P.C. ("Amh. Ortho."), whose lease obligations petitioner had personally guaranteed. It was after AMP began the eviction proceedings against Amh. Ortho. that petitioner filed the dissolution action. In September, 1997, shortly after the filing of the dissolution action, respondent exercised a statutory right (under N.Y. Bus. Corp. Law §1118) to elect to buy out petitioner's 50% ownership share. Shortly thereafter, however, it was determined that the dissolution action was to be deferred until the pending eviction proceeding was resolved. A decision in the eviction proceeding was not rendered until December 2004, which resulted in a money judgment of over two million dollars against petitioner (and Amh. Ortho.). This judgment is what caused petitioner to file the Chapter 11 petition in Bankruptcy Court.[3] Both the order and the judgment in the eviction proceedings have been appealed by petitioner and are still pending in State court.

The valuation of the AMP stock (hence, petitioner's financial interest therein) is the primary matter to be resolved in the State dissolution action. The parties dispute how, and to what extent, the judgment in the eviction proceeding would affect the value of the stock in the dissolution action. While petitioner's financial interest in AMP is obviously germane to his Bankruptcy proceeding, the parties

---

[3] Amh. Ortho. has also filed a separate action in Bankruptcy Court and has not sought removal of either of the State court proceedings discussed herein.

dispute whether or not it is appropriate to litigate the merits of the dissolution action in Bankruptcy Court.

## **DISCUSSION**

Petitioner claims that the State dissolution action is sufficiently "related to" his Bankruptcy proceeding so as to confer federal jurisdiction under 28 U.S.C. §1334(b) and, further, that it is "core" for Bankruptcy Court jurisdictional purposes for both procedural and substantive reasons.  Procedurally, petitioner claims that he complied with all filing requirements when the dissolution proceeding was removed, sufficiently stating that the matter was core and, as no party has filed a statement claiming that the matter is non-core, he is entitled to treat the matter as core. Substantively, petitioner argues that the dissolution proceeding, concerning the value of a major asset in his Chapter 11 estate, is "inextricably intertwined" with his Bankruptcy proceeding and should therefore be referred there.

Respondent's opposition to the referral motion and cross-motion for remand (see, fn 2 herein) argues that the dissolution action is non-core, that equitable considerations require that it be remanded back to State court and that this Court should nevertheless exercise discretionary abstention under 28 U.S.C. §1334(c)(1). Petitioner's reply (Dkt. #5) notes that respondent did not file an opposition to the removal in the approximately four months between the filing of the removal notice and the instant motion to refer.  Federal Bankruptcy Rule 9027(e)(3) requires a party such as respondent to file a statement within 10 days of the filing of the Notice of Removal admitting or denying the allegations in the Notice that the affected claim is

core.  Petitioner argues that respondent's failure to file such statement (hereinafter

"the Rule 9027(e)(3) statement") should be considered a waiver of his current

argument that the removed action is non-core and whether or not it is found to be a

waiver, it remains relevant with respect to the strength of conviction of respondent's

argument that the matter is non-core.   The reply nevertheless urges that the

dissolution action *is* core to petitioner's Chapter 11 proceeding, that the Court should

not exercise discretionary abstention and that the Court should not remand to the

State court.

## The Procedural Matter

Bankruptcy Rule 9027(e) addresses procedures after removal and provides in

pertinent part that:

> (3) Any party who has filed a pleading in connection with
> the removed claim or cause of action, other than the party
> filing the notice of removal, shall file a statement admitting
> or denying any allegation in the notice of removal that
> upon removal of the claim or cause of action the proceeding
> is core or non-core.   If the statement alleges that the
> proceeding is non-core, it shall state that the party does or
> does not consent to entry of final orders or judgment by the
> bankruptcy judge.  A statement required by this paragraph
> shall be signed pursuant to Rule 9011 and shall be filed not
> later than 10 days after the filing of the notice of removal.
> Any party who files a statement pursuant to this
> paragraph shall mail a copy to every other party to the
> removed claim or cause of action.

Respondent acknowledges that, due to a mis-communication between co-counsel, the 9027(e)(3) statement was not filed, but that this failure does not preclude him from now arguing that the matter is non-core.   Petitioner argues that it does. Respondent further argues that even if the Court were to find that respondent has waived the right to argue that the matter is non-core, this Court and/or the Bankruptcy Court can examine the issue *sua sponte*.

The parties acknowledge that the courts are split as to whether or not the failure to file a statement pursuant to Rule 9027(e)(3) constitutes a waiver.[4] Respondent's best argument against waiver lies in *Wetzel v. Lumbermens Mut. Cas. Co.* (324 B.R. 333 (S.D.Ind. 2005)) and *Barge* v. *Western Southern Life Ins. Co.*(307 B.R. 541 (S.D. W. Va. 2004)).   The court in *Wetzel* declined to find a waiver wherein plaintiffs did not file the Rule 9027(e)(3) statement within the requisite ten days but did dispute the allegations that the matter was core in a motion to defer consideration of defendants' motion to transfer venue, filed eleven days after the

---

[4] Cited by petitioner were: *Wetzel* v. *Lumbermens Mut. Cas. Co.*, 324 B.R. 333 (S.D. Ind. 2005)(Failure to file the Rule 9027(e)(3) statement within ten days did not waive right to dispute that claims fell within federal court's core bankruptcy jurisdiction); *Barge* v. *Western Southern Life Ins. Co.*, 307 B.R. 541 (S.D. W.Va. 2004) (Same); *In re Bryan,* 308 B.R. 583 (Bkrtcy. N.D. Ga. 2004)(Plaintiff's failure to timely file that statement constitutes a waiver); *Agent Systems, Inc.* v. *Capital Metro. Transport.Auth.,* 289 B.R. 828 (Bkrtcy. N.D. Tx. 2002)(The Rule 9027(e)(3) statement was encompassed in the motion to remand, but the motion was filed after venue was transferred and was therefore too late); *In re Bruno's,* 227 B.R. 311 (N.D. Ala. 1998)(Concerned a motion for transfer of venue. Rule 9027 removal or remand not at issue) and *Werren* v. *Royal Trustco Ltd.,* 64 F.3d 668 (Table) (9th Cir. 1995) (unpublished) (Plaintiff/ appellants did not object to removal and filed a frivolous appeal after case was dismissed alleging lack of jurisdiction. By not objecting to the removal, appellants consented to jurisdiction).   Cited by respondent were: *Wetzel, Barge* and *Adelphia Commc'ns Corp Securities and Derivative Litigation,* 2003 WL 23018802 (S.D.N.Y. 2003) (case removed properly pursuant to 28 U.S.C.§1452(a). Removing party's failure to file statement provided for in Fed. R. Bankr. P 9027(a)(1) does not invalidate removal).

notice of removal and in a motion to remand filed within thirty days.  In light of the prompt filings, the fact that Rule 9027(e)(3) prescribes no penalty for failure to comply, and because defendants did not show prejudice by what the court described as an "insubstantial violation", the court declined to find that plaintiffs waived the right to argue that the matter was non-core.  324 B.R. at 339 (and fn. 15) (*citing Barge*, 307 B.R. at 545-46).[5]  *Barge* likewise involved a party (plaintiff) who did not file the Rule 9027(e)(3) statement.  Plaintiff in that case filed a motion to remand within 30 days after the notice of removal had been filed and specifically contested defendants' allegation that the underlying state cases were core to plaintiffs' bankruptcies.  The *Barge* court held that "inasmuch as the rule prescribes no penalty for failure to comply timely with the ten-day rule and inasmuch as defendants have shown no prejudice, the court declines to find waiver in view of the prompt filing of a motion to remand by the plaintiffs."  307 B.R. at 546.

Respondent urges this Court to adopt the findings in these cases with a blanket holding that the failure to file a Rule 9027(e)(3) statement does not waive the right to raise the issues neglected in such failure to file.  The Court declines.  Clearly the Rule prescribes no penalty for failure to comply.  However, the strong directive language of the Rule (such as "shall" and "required") suggests that some penalty for non-compliance is appropriate.  The Court finds that the appropriate measure is to

---

[5]See also fn.4, *supra.*

weigh the specific equities discussed in *Wetzel* and *Barge* to determine if waiver is or is not appropriate on a case by case basis.

While the facts of *Wetzel* and *Barge* are similar to the instant case, they do differ in one aspect.  The parties in those cases *de facto* satisfied the Rule 9027(e)(3) statement requirement by *promptly* filing motions specifically addressing the issues encompassed in that Rule.  In one instance a motion was filed within eleven days of the filing of the Notice of Removal, in the other the motion was filed within 30 days. *Wetzel* at 339; *Barge* at 546.  Both cases noted these prompt filings of the parties — the *Barge* court declining to find waiver "in view of" this and the *Wetzel* court found the violation to be "insubstantial" in part because of this.  *Ibid.*

By contrast in the instant case, petitioner filed the Notice of Removal on May 27, 2005.  Respondents took no action, filed no motion and provided no information or statement that could be construed as addressing the issues required to be contained in a Rule 9027(e)(3) statement.  Approximately four months later, on October 5, 2005, petitioner filed the instant motion to refer.  It wasn't until October 17, 2005, when he was required to respond to petitioner's motion, that respondent first attempted to make a motion to remand and finally addressed some of the issues intended to be addressed in the Rule 9027(e)(3) statement.  One certainly cannot say that respondents *promptly* rectified the failure to file the Rule 9027(e)(3) statement.

*Wetzel* and *Barge*, however, also discussed the lack of prejudice as a factor. The Court finds that prejudice is the most important factor in this analysis. Petitioner has neither argued nor shown in any way that he has been prejudiced by

respondent's failure to file the Rule 9027(c)(3) statement and the Court, therefore, declines to find a waiver here.

There are two other factors particular to this case that weigh against the Court's finding that respondent has waived the opportunity to argue that the matter is non-core. First, 28 U.S.C. §1452 and Rule 9027 allow a party to remove an action directly to the Bankruptcy Court[6]. Petitioner, in choosing to remove to this Court necessarily gave respondent "another bite at the apple" to argue that the matter was non-core because this approach required the additional motion to refer to the Bankruptcy Court. Second, even if respondent were barred from contesting whether the removed state law claims were "core" bankruptcy claims, the Court retains jurisdiction to *sua sponte* raise the issue as one relating to its jurisdiction over the removed action, and at that point petitioner who removed the suit must substantiate that state court action implicated "core" bankruptcy matters. *Wetzel* at 339, fn.16 (*citing* 28 U.S.C. §1447(c)); *see also* 28 U.S.C. §1452(b).

---

[6] "[T]he removal of claims or causes of action related to bankruptcy cases is now governed substantively by 28 U.S.C.A. § 1452(a) and procedurally by Fed.R.Bankr.P. 9027. Moreover, the majority of courts faced with bankruptcy removal find that applications for removal may be made in the bankruptcy court since the reference to 'district court' in 28 § 1452(a) encompasses the bankruptcy courts. This is grounded in the bankruptcy courts' status as units of the district courts, 28 U.S.C.A. § 151 (West Supp.1988), the presence of the term 'clerk' in Fed.R.Bankr.P. 9027 which is defined as 'bankruptcy clerk, if one has been appointed, otherwise clerk of the district court' in Fed.R.Bankr.P. 9001(3) and the general order of reference which all judicial districts in the United States have entered, as authorized by 28 U.S.C.A. 157(a) and recognized by Fed.R.Bankr.P. 9027(f). ∗∗∗ " *In re Boyer*, 108 B.R. 19, 24 (Bkrtcy. N.D.N.Y. 1988.)(internal citations omitted).

**The Substantive Matter**

Having resolved the procedural issues, the substantive issues are properly referred to the Bankruptcy Court pursuant to 28 U.S.C. §157(a) and Rule 5.1(g) of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York[7].   However, the motion to remand will be denied without prejudice so that it may be renewed before the Bankruptcy Court where respondent shall have a full and fair opportunity to argue that the dissolution action is non-core.

**CONCLUSION**

For the above stated reasons, it is hereby **ORDERED** that petitioner's motion for referral (Dkt. #3) is hereby **GRANTED** and  respondent's cross-motion to remand is hereby **DENIED** without prejudice.  The Clerk of the Court shall take all steps necessary to accomplish the referral of this matter to Bankruptcy Court and close this matter in this Court.

DATED:        Buffalo, N.Y.

September 11, 2006

_/s/ John T. Elfvin_
JOHN T. ELFVIN
S.U.S.D.J.

---

[7] In pertinent part, Rule 5.1(g) states: "Pursuant to 28 U.S.C. §157, all cases under Title 11 of the United States Code and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the United States Bankruptcy Court for the Western District of New York."